| ¡¿DALEY, Judge.
Plaintiffs, Debra Naussbaum and Michael Naussbaum, appeal the trial court’s judgment dismissing their case for want of prosecution under LSA-C.C.P. art. 561. We affirm.
Plaintiffs filed their suit on August 1, 1989, against Dr. Duncan McKee and Ochsner Foundation Hospital for alleged acts of medical malpractice. The last substantive pleading filed in the case was plaintiffs’ Pre-trial Order on July 25, 1995. On July 1, 1998, the amendment to LSA-C.C.P. art. 561 became effective. That amendment changed the period for want of prosecution from five years to three years, and expressly applied to all pending cases. On August 4, 1998, defendants filed an ex parte Motion and Order, of Dismissal for Want of Prosecution, based upon the amendment of LSA-C.C.P. art. 561. This motion and order were granted on August 6, 1998, dismissing plaintiffs’ case with prejudice.
IsPlaintiffs filed a Motion to Set Aside Order of Dismissal, without any supporting reasons or memorandum, on August 18, 1998. They filed a Memorandum in Support on November 2, 1998. The trial court heard the matter on November 9, 1998, and denied the Motion to Set Aside, and further reiterated that plaintiffs case *931 was dismissed with prejudice in its entirety for failure to prosecute the claim.
On appeal, plaintiffs argue that the amendments to LSA-C.C.P. art. 561 are substantive in nature and should not be applied retroactively to their cause of action, because at the time their action was filed, art. 561 allowed a period of five years before dismissal for want of prosecution.
This court has already addressed the retroactive application of amended art. 561 in Dempster v. Louisiana Health Services & Indemnity Co. et al, 98-1112 (La.App.3/10/99), 730 So.2d 524. Therein, this court held that the amendment to art. 561 was procedural and not substantive, and further that the language of the amendment and its delayed effective date[1] expressed the legislature’s intent that it apply to all pending actions. Accordingly, we find no error in the trial court’s dismissal of the plaintiffs’ case with prejudice for want of prosecution, and we affirm the judgment of the trial court.
AFFIRMED.

. The amendment to art. 561 was approved by the governor on July 15, 1997, was published on August 5, 1997, but by its specific language did not become effective until July 1, 1998.